[991 NYS2d 325]

In the Matter of Karim K. Arzadi, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, August 27, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Supreme Court of New Jersey, by order dated December

3, 2013 (216 NJ 334, 80 A3d 372 [2013]), suspended the respondent from the practice of law for six months, effective January 3, 2014, for violating New Jersey Rules of Professional Conduct (hereinafter RPC) rule 3.3 (a) (1) (knowingly making a false statement of material fact to a tribunal) and (4) (knowingly offering false evidence) and RPC rule 8.4 (c) (conduct involving dishonesty, fraud, deceit and misrepresentation) and (d) (conduct prejudicial to the administration of justice). The order was predicated on a review of decision 13-040 by the Disciplinary Review Board (hereinafter DRB) decided August 9, 2013.

The respondent was admitted to the New Jersey bar in 1987 and maintained a law office in Perth Amboy, New Jersey. The disciplinary charges stemmed from the respondent's filing of various pleadings allegedly containing false statements and certifications attesting that the statements made therein were true. The underlying action concerned a personal contract dispute between the respondent and Jeffrey Kusmick for the provision of architectural services. A hearing was held before the District Ethics Committee (hereinafter DEC). On a de novo review of the record, the DRB agreed with the DEC's finding that the respondent's testimony was untruthful, and that a two-contract theory he asserted as a defense to Kusmick's lawsuit was a fabrication. The DRB concluded that the respondent's misconduct warranted a six-month suspension. The DRB refrained from imposing a lengthier suspension due to the respondent's unblemished record for more 25 years, and the high regard in which he is held by his peers and others.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c). Although duly served by the Grievance Committee on January 22, 2014, the respondent neither filed a verified statement asserting any of the enumerated defenses nor requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed and the respondent is suspended from the practice of law for six months.

ENG, P.J., RIVERA, SKELOS, DILLON and SGROI, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Karim K. Arzadi, is suspended from the practice of law for a period of six months, commencing September 26, 2014, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 26, 2015. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Karim K. Arzadi, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Karim K. Arzadi, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Karim K. Arzadi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).